Caldwell v. Bridal.

## CALDWELL v. BRIDAL.

1. **Sale:** CONTRACT FOR DISEASED STOCK: WHEN VOID UNDER STATUTE. Under Section 4055 of the Code, a contract for the sale of sheep, known by the seller to be affected with a contagious disease, cannot be enforced, even when the purchaser has knowledge of the diseased condition of the sheep at the time of the purchase; the object of the statute being to prevent traffic in diseased animals, for the protection not only of the purchaser, but of the public.

2. ———: ———: KNOWLEDGE OF NATURE OF DISEASE. If, however, the seller is not aware that the disease with which the sheep are affected is contagious, the statute will not apply, being limited by its terms to the sale of sheep known to be affected with a contagious disease.

3. ———: ———: FRAUDULENT CONCEALMENT. The fact that the seller kept the diseased portion of the flock separate from the remainder, and did not show them to the buyer, would not vitiate the sale if the latter obtained knowledge of the diseased condition of the sheep before completing the purchase.

*Appeal from Appanoose District Court.*

FRIDAY, MARCH 22.

THE plaintiff claims $607.25, alleged to be due on a promissory note. The defendant, for answer, alleges that the note was executed for the purchase price of two hundred and seventy-six sheep; that after the defendant had concluded to buy plaintiff's flock of sheep the plaintiff, with intent to defraud defendant, turned into the flock about sixty diseased and scabby sheep, which before had been separated from the flock, and that at the time of the sale of said sheep they were infected and had a contagious disease, commonly known as the scab, and were, therefore, sold contrary to law.

The jury returned a general verdict for the plaintiff for the amount of the note and interest, and also returned the following special verdict:

1. Was the note in this case given for sheep sold by the plaintiff to defendant? Yes.

2.   At the time of the sale of said sheep, did the sheep have a contagious disease?   Yes.

3.   Did the plaintiff know that they were so diseased at the time of the sale to defendant?   Yes.

4.   How many of the sheep were diseased, if any, at the time of the sale?   Thirty head.

5.   Did defendant know, when he bought the sheep, that they were diseased with the scab, or any of them?   Yes.

6.   Did the plaintiff know, at the time he sold the sheep to defendant, that the disease called scab was a contagious disease?   No.

The motion to set aside the verdict and grant a new trial was overruled, and judgment was entered upon the verdict.   The defendant appeals.

*Vermillion, Haynes & Vermillion* and *Geo. D. Porter*, for appellant.

*J. C. Coad* and *Tannehill & Fee*, for appellee.

DAY, J.—I.   Section 4055 of the Code is as follows:   "If the owner of sheep, or any person having the same in charge, knowingly import or drive into this State sheep having any contagious disease; or turn out or suffer any sheep having any contagious disease, knowing the same to be so diseased, to run at large upon any common, highway or uninclosed lands; or sell or dispose of any sheep, knowing the same to be so diseased, he shall be deemed guilty of a misdemeanor, and shall be punished by fine in any sum not less than fifty dollars, nor more than one hundred dollars."

1. SALE: contract for diseased stock: when void under statute.

The defendant asked the court to instruct the jury as follows:   "If the jury find that the note (was) given in consideration for sheep, as claimed by the defendant, and that the sheep were affected with a disease known as scab, and that said disease is contagious, and you find further that the plaintiff knew said sheep were so diseased, then the selling of said

sheep was a violation of law on the part of plaintiff, and he cannot recover." The court refused to give this instruction as asked, and gave it with the following qualification: "That would be true if Bridal, the defendant, did not know that said sheep were diseased; but if Bridal knew the true condition of the sheep, and bought the same with such knowledge, and took and kept the same, he is liable in law to pay for them, and the plaintiff can recover on the note."

Other instructions asked by defendant, placing a like construction upon the statute, were qualified in a similar manner. In this action we think the court erred. The statute in question was intended, not for the protection of the individual purchaser only, but for the protection of the public. It was intended to arrest the spread of contagious diseases amongst sheep, by making it penal to traffic in sheep, knowing them to be affected with such disease. The public might be exposed to great loss from the removal of infected sheep along the highways, even when the sales are made to persons aware of such diseased condition. The statute suggests no qualification such as made by the court. It declares the selling or disposing of any sheep, knowing them to be affected with a contagious disease, to be a misdemeanor. The law will not, we think, lend its aid to the enforcement of such a contract, even when the purchaser has knowledge of the diseased condition of the sheep purchased. See *Dillon & Palmer v. Allen*, 46 Iowa, 299.

II. We think, however, that the modification of the instructions above referred to was error without prejudice. The jury returned the following special verdict:

2. At the time of the sale of said sheep, did the sheep have a contagious disease? Yes.

3. Did the plaintiff know that they were so diseased at the time of the sale to defendant? Yes.

5. Did defendant know when he bought the sheep that they were diseased with the scab, or any of them? Yes.

6. Did the plaintiff know at the time he sold the sheep to

defendant that the disease called scab was a contagious disease? No.

These answers must be so construed, if practicable, without doing violence to the language employed, as to harmonize and give effect and force to all of them. It is claimed that the third and sixth are in conflict. It cannot, however, be supposed that the jury intended in the third answer to say that plaintiff knew the sheep were affected with a contagious disease, and in the sixth to say that plaintiff did not know the disease, with which the sheep were affected, to be contagious. We think that the third answer, taken in connection with the others, means no more than that plaintiff knew that the sheep were affected with the disease which they had; that is, they were so diseased, affected with the scab. In the sixth answer the jury say the plaintiff did not know the disease called scab was a contagious disease. If the plaintiff did not know the sheep were affected with a contagious disease, he violated no statute in their sale. Knowledge of the existence of a contagious disease is an ingredient in the offense declared in section 4055. As the special verdict shows that plaintiff did not have such knowledge, the contract may be enforced whether defendant had such knowledge or not. It follows that the modification complained of could have worked the defendant no prejudice.

III. The defendant asked the court to instruct the jury as follows: "If the jury believe from the evidence that Caldwell, when expecting Bridal to call and see the sheep with a view of purchasing, did separate said sheep by placing twenty-five or thirty diseased sheep in a back field, and showed him (Bridal) the rest of the flock, and if afterwards the contract of purchase was made on what Bridal saw of the sheep, and if afterwards Caldwell turned said sheep all together, representing them to be the same that Bridal had seen and purchased, it would be a fraud on Bridal, and he is entitled to such a deduction from the amount of the note as would

make Bridal whole by reason of such fraud practiced by Caldwell on Bridal."

The refusal to give this instruction is assigned as error. The abstract purports to set forth only a part of the testimony. The evidence set forth in the abstract showed that the sheep were all together, and were seen by defendant at the time the purchase was completed and the note in question was executed. The special findings also show that the defendant knew when he bought the sheep that they were diseased with the scab. As the defendant completed the purchase with knowledge of the diseased condition of the sheep, he was not damaged by the fact that when he first looked at the flock twenty-five or thirty diseased sheep were not with the flock. The foregoing considerations dispose of the alleged error in the instruction given by the court, and of the failure of the court to instruct more specifically upon the defense of fraud in the sale.

The record discloses no prejudicial error.

AFFIRMED.